UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ALBION SAVAGE BROWNE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff | ) | |
| | ) | 2:16-cv-00619-NT |
| v. | ) | |
| | ) | |
| STATE OF MAINE DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)**

In this action, Plaintiff Albion Savage Browne, formerly an inmate in the custody of the Maine Department of Corrections, alleges that while he was incarcerated, the staff of the Maine Correctional Center, including corrections staff and medical staff, violated his constitutional rights.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following the review, I recommend the Court dismiss the Maine Department of Corrections and the generally-identified "medical staff" members, but permit Plaintiff the opportunity to amend to assert his claim against the individuals he maintains are responsible for the alleged deprivation of his constitutional rights in connection with his medical care.

**STANDARD OF REVIEW**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants

1

the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

**BACKGROUND**

Plaintiff alleges that he has suffered, over the course of a year, violations of the Eighth Amendment, the Thirteenth Amendment, and the Fourteenth Amendment. (Complaint at 4, ECF No. 1, PageID # 4.) Plaintiff asserts that the medical department at the Correctional Center "put off, denied and ignored serious medical conditions causing lifelong disability," and that security

denied medication access and with threats of violence and sanctions forced Plaintiff to perform "exceedingly dangerous jobs + tasks + work assignments." (*Id.* at 5.) According to Plaintiff, the Department of Corrections allows and encourages this treatment. (*Id.*) Plaintiff maintains that as the result of Defendants' conduct, he lost the use of an eye, experiences vision headaches, lacks depth perception, and has problems with his balance. (*Id.*) Plaintiff did not identify any individual against whom he asserts a claim.

## DISCUSSION

A claim of constitutional harm caused by state actors, as Plaintiff has alleged in this case, is actionable under the Civil Rights Act, 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ….

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Subject to limited exceptions not applicable in this case, the State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009). To the extent Plaintiff asserts his claim against the Department of Corrections, he is requesting relief

against the State of Maine that is barred in federal court pursuant to the Eleventh Amendment. Additionally, while a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). Accordingly, Plaintiff cannot proceed on his claim against the Maine Department of Corrections or the Maine Correctional Center. In addition, because Plaintiff has not identified any individual staff members or providers, nor described the conduct of a particular individual, Plaintiff's attempt to assert a claim against "medical staff and providers" (complaint at 2, ECF No. 1) must fail.

Plaintiff's claim of deliberate indifference to a serious medical need, however, is potentially actionable. To succeed on a claim of inadequate or delayed medical care, a plaintiff must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011). The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the individual culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal

4

quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the [defendants] knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002). "[T]he Constitution requires that care be not so inadequate as to shock the conscience." *Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015) (quotation marks omitted).

In this case, without identifying any individuals or the medical provider at the jail, Plaintiff asserts that security staff and medical personnel ignored his serious medical needs and denied him access to qualified physicians. Given that he maintains he suffered from a condition that resulted in the loss of the use of an eye, Plaintiff has alleged sufficient facts to state a potential deliberate indifference claim. Under the circumstances, Plaintiff should be permitted an opportunity to amend his complaint to assert a claim based on his medical care against the appropriate parties.

Finally, Plaintiff has alleged he has been required to perform "exceedingly dangerous" jobs and work assignments. Circuits courts have held that the Eighth Amendment is implicated when prisoners are forced to perform labor that is "beyond their strength, endangers their lives, or causes undue pain." *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983); *Morgan v. Morgenson*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987); *Moore v. Farquire*, 595 F. App'x 968, 973 (11th Cir. 2014) (per curiam). Because Plaintiff has failed to allege any facts about the nature of his work that would support a finding of a constitutional deprivation, Plaintiff's assertion constitutes a conclusory allegation that is not actionable.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's claims against the Maine Department of Corrections and the Maine Correctional Center, and dismiss Plaintiff's claim based on his work assignments. I also recommend the Court allow Plaintiff fourteen (14) days to amend the complaint to assert a claim against the appropriate, identifiable staff members or medical providers responsible for his medical care. If Plaintiff fails to amend the complaint to assert an actionable claim against the appropriate, identifiable individuals, I recommend the Court dismiss Plaintiff's entire complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of January, 2017.